10 F.3d 805
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
David WAYFIELD, Plaintiff, Appellant,
v.
TOWN OF TISBURY, Defendant, Appellee.
 No. 93-1535.
 United States Court of Appeals,
First Circuit.
 November 29, 1993
 
 Appeal from the United States District Court for the District of Massachusetts
 David Wayfield on brief pro se.
 Tracie L. Longman and Roche, Carens & DeGiacomo on brief for appellee.
 D.Mass.
 AFFIRMED IN PART: VACATED IN PART AND REMANDED.
 Before Cyr, Circuit Judge, Bownes, Senior Circuit Judge, and Boudin, Circuit Judge.
 Per Curiam.
 
 
 1
 Appellant David Wayfield alleges that the Town of Tisbury, in conjunction with numerous private parties, deprived him of his constitutional rights in violation of 42 U.S.C. Sec. 1983. After the defendants filed a motion to dismiss the entire complaint, Wayfield moved to amend his original complaint. This motion was denied by the district court on the ground that the amended complaint would also be subject to dismissal. Wayfield appeals the dismissal of his civil rights action. With one exception, we affirm the dismissal of Wayfield's claims.
 
 
 2
 In dismissing Wayfield's civil rights claims, the district court seems to rely in part on the doctrine that civil rights complaints must be pled with heightened particularity. See Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). However, the Supreme Court has recently cautioned that civil rights claims are to be subject only to normal standards of pleading. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 113 S.Ct. 1160, 1163 (1993). The proper standard for assessing the adequacy of the instant complaint then is whether, accepting the factual allegations in the complaint as true, and construing these facts in the light most favorable to the plaintiff, the pleading shows any facts which could entitle plaintiff to relief. See, e.g., Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). Moreover, as a pro se plaintiff, Wayfield is entitled to have his complaint "liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976).
 
 
 3
 Even under this more generous standard, most of Wayfield's causes of action are subject to dismissal for the reasons stated in the district court opinion, dated March 29, 1993. However, we find that the amended complaint, liberally construed, does state a cause of action under section 1983. We therefore reverse the district court's denial of Wayfield's motion to amend his complaint and vacate the dismissal order in part.
 
 
 4
 According to his amended complaint, on December 14, 1990, Wayfield went to the Vineyard Haven Public Library where he spoke with the Library Director, defendant Marjorie Convery, and attempted to persuade her to stock several "revisionist" books and periodicals. Ms. Convery did not respond and "seemed very angry but controlled." Within an hour, Wayfield was falsely accused by Ms. Convery of stealing a menorah from the library. When he refused her request to open his shoulder bag to be searched, Wayfield was "assaulted" by Convery. On December 18, Wayfield received a certified letter from Convery informing him that "[a]s a result of the disruptive incident that occurred on Saturday ... your presence on the property or in the building will no longer be permitted." On December 20, he received another letter dated December 19, 1990, from the Board of Trustees for the Vineyard Haven Public Library, announcing that, due to the "disruptive incident," he was banned from the library until April 2, 1991. After Wayfield returned to the library in January 1991, he was charged with trespassing. The charges were eventually dropped. Wayfield admits to the existence of a disturbance but alleges that he was the victim of an illegal assault by Convery. He further alleges that the ban imposed upon him was due not to any disturbance but was in retaliation for his political views.
 
 
 5
 To state a cause of action under 42 U.S.C. Sec. 1983, a plaintiff must allege sufficient facts to support a determination "(i) that the conduct complained of has been committed under color of state law, and (ii) that [the alleged] conduct worked a denial of rights secured by the Constitution or laws of the United States." Chongris v. Board of Appeals, 811 F.2d 36, 40 (1st Cir.), cert. denied, 483 U.S. 1021 (1987). Liberally construing the complaint and accepting its allegations as true, we find that the complaint states a cause of action under 42 U.S.C. Sec. 1983 against Ms. Convery. First, as evidenced by her letter of December 18, 1990, banning Wayfield from the library, Ms. Convery purported to act under the color of state law. Second, the banning of Wayfield because of his political views would appear to be a violation of his constitutional rights. Cf. Nestor Colon Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 40 (1st Cir. 1992) (denial of land use permit in unjustifiable retaliation for expression of political views constitutes a first amendment violation).
 
 
 6
 [While a] State or its instrumentality may, of course, regulate the use of its libraries or other public facilities ... it must do so in a reasonable and nondiscriminatory manner, equally applicable to all and administered with equality to all.... And it may not invoke regulations as to use-whether they are ad hoc or general-as a pretext for pursuing those engaged in lawful, constitutionally protected exercise of their fundamental rights.
 
 
 7
 Brown v. Louisiana, 383 U.S. 131, 142-43 (1966).
 
 
 8
 To be sure, the allegations that the assault by Ms. Convery and her banning him from the library were motivated by animus toward Wayfield's political views are conclusory. Such conclusory allegations become facts for pleading purposes "only when such conclusions are logically compelled, or at least supported, by the stated facts, that is, when the suggested inference rises to what experience indicates is an acceptable level of probability." Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989).
 
 
 9
 The complaint does allege facts which, albeit circumstantial, support the conclusion that the banning by the Director was politically motivated. Since the state of mind of an actor often "must be inferred from the things [a party] says or does[,]" Anthony v. Sundlun, 952 F.2d 603, 605 (1st Cir. 1991), circumstantial evidence alone can support a conclusion of discriminatory intent. Id.
 
 
 10
 First, Wayfield alleges that on the day of the incident which led to the banning he discussed with the Director his political views. Not only was she thus aware of those views but Wayfield alleges that she "seemed very angry but controlled." He then alleges that "within an hour" he was accused falsely of stealing a menorah and was "assaulted" by the Director. From these facts, it is possible to infer that the accusation of stealing was a pretext and that the real reason for the "assault" and the Director's letter banning Wayfield was animus towards Wayfield's political views.
 
 
 11
 We also find that, although the question is very close, the complaint alleges a cause of action against the Town of Tisbury as well. According to the complaint, liberally construed, the Board of Trustees of the Vineyard Haven Library banned Wayfield from the library between December 19, 1990, and April 2, 1991 because of his political views. While the Board purported to act only because of the "disruptive incident" which occurred between Wayfield and Convery, the complaint alleges that this incident was only a pretext, a conclusion we have decided is supported by the facts alleged in the complaint. We do not find the possible inference that the Board, acting on the basis of information provided by the
 
 
 12
 Director, may have been aware of, and even shared, the Director's intent, to be so speculative as to require dismissal of this case without any further inquiry. Since the Board of Trustees is the body responsible for managing the library, see Mass. Gen. L. ch. 78, Sec. 11, any illegal acts it may have committed would expose the town to liability. See Pembaur v. Cincinnati, 475 U.S. 469, 483-84 (1986) (municipality is liable under section 1983 even for "a single decision to take unlawful action ... [which is made] by the official or officials responsible for establishing final policy with respect to the subject matter in question.").
 
 
 13
 We affirm the district court's dismissal of all Wayfield's claims except those against Ms. Convery and the Board of Trustees in regard to the allegedly politically motivated banning of Wayfield from the Vineyard Haven Library. As to those claims, we vacate the dismissal of the complaint, reverse the denial of the motion to amend the complaint, and remand to the district court for further proceedings.
 
 
 14
 Affirmed in part; vacated in part and remanded. No costs.